UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

CIVIL ACTION NO. 06-CV-24-KKC

BART McQUEARY, PLAINTIFF,

v.   **OPINION AND ORDER**

JACK CONWAY,
*in his Official Capacity as Attorney General
of the Commonwealth of Kentucky,* DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the parties' briefs regarding the Plaintiff's entitlement to attorney's fees. In a prior opinion, this Court denied the Plaintiff's motion for attorney's fees. The United States Court of Appeals for the Sixth Circuit reversed that opinion and remanded it to this Court to reconsider the issue. *McQueary v. Conway*, 614 F.3d 591 (6th Cir. 2010). For the following reasons, the Court again finds that the Plaintiff is not entitled to attorney's fees.

**I.    Procedural History.**

The Plaintiff commenced this action with a complaint in which he charged that certain provisions of House Bill 333 (HB 333) and Senate Bill 93 (SB 93) (together, the "Act"), which former Kentucky Governor Ernie Fletcher signed into law on March 27, 2006, infringed upon his right to protest at funerals under the First and Fourteenth Amendments to the Constitution and were facially unconstitutional. (Rec. No. 1, Complaint ¶¶ 1-2, 18).

On September 26, 2006, this Court granted the Plaintiff's motion for a preliminary injunction finding he had shown a likelihood of success on the merits of his claim that the challenged provisions of the Act violated the First Amendment. *McQueary v. Stumbo*, 453 F.Supp.2d 975 (E.D.Ky. 2006). After the Court's ruling on the preliminary injunction, the General Assembly amended the Act to delete the challenged provisions and the remaining provisions of the Act were codified at KRS

525.055, KRS 525.145 and KRS 525.155.

In a prior opinion, the Court ruled that the Plaintiff was not entitled to attorney's fees as a prevailing party under 42 U.S.C. § 1988. That statute provides that, in any action to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . . ." 42 U.S.C. § 1988(b). In reversing this Court's opinion denying the Plaintiff attorney's fees, the Sixth Circuit stated, with regard to preliminary-injunction winners, "the 'preliminary' nature of the relief – together with the requirement that a prevailing party victory must create a lasting change in the legal relationship between the parties and not merely 'catalyze' the defendant to voluntary action – will *generally* counsel against fees in the context of preliminary injunctions." *McQueary*, 614 F.3d at 601 (emphasis added). The appellate court repeated, "when a claimant wins a preliminary injunction and nothing more, that *usually will not suffice* to obtain fees under § 1988." *Id*. at 604 (emphasis added).

But, the Sixth Circuit stated, there are "occasional exceptions" to this general rule and it remanded the case to this Court to undertake a "contextual and case-specific inquiry" to determine whether any of those exceptions apply here. *Id*. The Sixth Circuit further advises this Court to "keep[] in mind the [Supreme] Court's admonishment that fee inquiries should not generate satellite litigation." *Id.* at 599.

**II. Analysis.**

As discussed, in its opinion, the Sixth Circuit stated that, as a general rule, preliminary-injunction winners are not entitled to attorney's fees under § 1988. However, in rejecting a *per se* rule that would deny prevailing-party status to every preliminary-injunction winner, the court indicated that there should be an exception where the preliminary-injunction winner "receives everything it asked for in the lawsuit, and all that moots the case is court-ordered success and the

2

passage of time." *Id*. at 599. For example, "[w]hen protesters seek an injunction to exercise their First Amendment rights at a specific time and place – say to demonstrate at a Saturday parade – a preliminary injunction will get them all the court-ordered relief they need and the end of the parade will moot the case." *Id*.

Here, the Plaintiff did not seek a preliminary injunction that would permit him to protest at a specific funeral or at a specific time and place. He sought a permanent injunction that would enjoin the Defendant from enforcing the challenged provisions at all funerals. He further sought a preliminary injunction that would enjoin the Defendant from enforcing the challenged provisions only while his claim for permanent relief was pending.

Thus, the Plaintiff's claim for permanent relief did not become moot when a particular event occurred. Instead, the Plaintiff's claim for permanent injunctive relief became moot because the Defendant voluntarily repealed the challenged provisions. The Defendant's voluntary conduct, however, cannot serve as the basis for an award of attorney's fees. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 600, 605 (2001).

Nor did the Plaintiff's claim for relief become moot because the preliminary injunction granted him all the relief he sought and there was nothing more this Court could do for him. The Plaintiff sought a permanent injunction that would permanently enjoin the state from enforcing the challenged provisions. The Court never granted him that relief.

As an example of preliminary-injunction winners deserving of prevailing-party status, the Sixth Circuit cited *Watson v. County of Riverside*, 300 F.3d 1092 (9th Cir. 2002) and *Young v. City of Chicago*, 202 F.3d 1000 (7th Cir. 2000). In *Watson*, the plaintiff was a deputy sheriff suspected of using excessive force and, as a result, the county fired him. He claimed that, before firing him, the county made him file a report of the incident without first consulting a lawyer. The court granted him a preliminary injunction that prohibited the county from using the report at the hearing on his appeal

of his termination. Thus, the plaintiff's claim for permanent relief became moot when the termination hearing was over and this was "after the preliminary injunction had done its job." 300 F.3d at 1096.

In *Young*, the plaintiffs obtained an injunction that prohibited the government from excluding protesters from a particular event: the 1996 Democratic national convention. The action became moot when the convention ended. 202 F.3d at 1000.

In cases like *Watson* and *Young*, where a plaintiff is granted preliminary injunctive relief that enjoins the government from acting at a particular time and place, the preliminary relief becomes, in effect, permanent relief after the event occurs. After the passage of the event, the preliminary injunction can no longer be meaningfully revoked. In contrast, preliminary injunctive relief like that granted by the Court in this case that enjoins the defendant only while the case is pending is truly temporary and revocable. Such relief cannot confer prevailing-party status because it is not "'enduring' and irrevocable." *McQueary*, 614 F.3d at 597 (citing *Sole v Wyner*, 551 U.S. 74, 86 (2007)). Section 1988 "requires lasting relief, not the temporary 'fleeting success'" that an injunction effective only while the case is pending represents. *Id*. (citing *Sole*, 551 U.S. at 83).

For all these reasons, the Court finds that the Plaintiff is not entitled to attorney's fees under 42 U.S.C. § 1988. The Court further finds a hearing is not necessary on this issue and, accordingly, hereby ORDERS that the Plaintiff's motion for oral argument (DE 70) is DENIED.

Dated this 1st day of August, 2012.



Signed By:
*Karen K. Caldwell*
United States District Judge